IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| STEVE ALLEN, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 7:04-cv-119-SLB-PWG |
| | ) |
| CHERYL PRICE, et al., | ) |
| | ) |
|     Defendants. | ) |

**MEMORANDUM OF OPINION**

The magistrate judge filed a report and recommendation on July 11, 2006, recommending that: (1) defendants' motion for summary judgment be granted as to plaintiff's claims against defendants in their official capacities for money damages based on Eleventh Amendment immunity; (2) defendants' motion for summary judgment be granted as to plaintiff's Eighth Amendment claims against defendant Cheryl Price and that those claims be dismissed; (3) plaintiff's claims against defendants for injunctive relief be denied as moot; and (4) his claims against John Doe correctional officers be dismissed.  The magistrate judge further recommended that defendants' motion for summary judgment be denied as to plaintiff's First and Eighth Amendment claims against defendant Gary Austin.  The parties were allowed fifteen (15) days in which to file written objections to the magistrate judge's recommendations.  On September 11, 2006, plaintiff filed objections.

Plaintiff contends that the magistrate judge erred in recommending that plaintiff's Eighth Amendment failure to protect claims against defendant Price be dismissed, reasoning that Price's failure to take heed to his written complaints and investigate his allegations regarding defendant

Austin harassing him and referring to him as a snitch, constituted deliberate indifference to his safety. Plaintiff alleges that had Price taken appropriate action, he would not have been assaulted by two inmates. The law is now well established that prisoners have a right to be protected from the constant threat of violence by other inmates and that the failure by prison officials to control and separate prisoners who endanger the physical safety of others may amount to cruel and unusual punishment of inmates so harmed by fellow inmates. *See Gullate v. Potts*, 654 F.2d 1007, 1012 (5th Cir. 1981); *Hopkins v. Britton*, 742 F.2d 1308, 1310 (11th Cir. 1984). Prison officials must take reasonable measures to guarantee the safety of inmates. *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984). However, prison officials are not insurers of safety of inmates. *Jones v. United States*, 534 F.2d 53, 54 (5th Cir. 1976). Not every isolated incident of violence by one inmate toward another rises to the level of a constitutional violation. The mere negligent failure to protect an inmates from attack does not give rise to a cause of action under § 1983. *Davidson v. Cannon*, 474 U.S. 344, 347-48 (1986).

To establish a deprivation of Eighth Amendment rights, a prisoner must show deliberate indifference on the part of the prison officials to the prisoner's need for reasonable protection from violence. *Farmer v. Brennan*, 511 U.S. 825, 835 (1994). "Prison officials must have been deliberately indifferent to a known danger before we can say that their failure to intervene offended 'evolving standards of decency,' thereby rising to the level of a constitutional tort." *Brown v. Hughes*, 894 F.2d 1533, 1537 (11th Cir. 1990) (*citing Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976)). "The known risk of injury must be a 'strong likelihood, rather than a mere possibility' before a [defendant's] failure to act can constitute deliberate indifference." *Brown v. Hughes*, 894 F.2d 1533, 1537 (11th Cir. 1990)(*citing Edwards v. Gilbert*, 867 F.2d 1271, 1276 (11th Cir. 1989)).

The *Farmer* Court defined "deliberate indifference" as requiring more than mere negligence, but less than conduct undertaken to cause harm. *Farmer*, 511 U.S. 825, 835 (1994).

> We hold instead that a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health and safety; the official must be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Id.* at 837. Thus, a claim based on deliberate indifference contains three components: "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence." *McElligott v. Foley*, 182 F.3d 1248, 1255 (11th Cir. 1999). In determining subjective knowledge, a court is to inquire whether the defendant was aware of a "particularized threat or fear felt by [the plaintiff]." *Carter v. Galloway,* 352 F.3d 1346, 1350 (11th Cir. 2003).

The questions before this court are whether defendant Price knew of the potential danger to plaintiff and was deliberately indifferent to that potential danger. Plaintiff states that he wrote Price regarding defendant Austin's alleged harassment and plaintiff's fear of Austin and asked to be moved. Plaintiff also contends that he notified Price that Austin had offered a reward to any inmate who caused plaintiff harm. Plaintiff does not allege, however, that Price had notice that he was in danger from the inmates who actually attacked him. Indeed, there is no evidence in the record that suggests Price was aware of a substantial risk of serious harm to plaintiff from these two inmates and failed to take protective measures. Similarly, Austin's alleged offer of a reward to any inmate who harmed plaintiff is insufficient to infer that a substantial risk of serious harm to plaintiff existed. Specifically, there is no evidence that Price was aware of a particularized threat to plaintiff from any specific inmate; instead, plaintiff only complained of a general threat to his safety from all inmates.

As such, plaintiff's allegations against Price fails to show the requisite subjective knowledge of a risk of serious harm.

Moreover, there is no evidence that Price exhibited deliberate indifference to plaintiff's safety. Price acknowledges receiving a complaint from plaintiff regarding Austin's conduct and contends she told the guards to be more mindful of the way they spoke to inmates. She also states that plaintiff's claims that Austin was somehow linked to the attacks against plaintiff could not be substantiated. Plaintiff has failed to offer any evidence that defendant Price consciously or callously disregarded an excessive risk to his safety prior to the attacks. While Price arguably should have placed plaintiff elsewhere, "merely negligent failure to protect an inmate from attack does not justify liability under section 1983 . . . ." *Brown v. Hughes*, 894 F.2d 1533, 1537 (11th Cir. 1990).

Plaintiff also disagrees with the magistrate judge's recommendation that his claims against John Doe correctional officers for failing to intervene in the inmate attacks be dismissed. Specifically, the magistrate judge reasoned that there was no evidence these officers knew plaintiff was being attacked, much less that they manifested deliberate indifference to plaintiff's safety. While the magistrate did make such a finding, the magistrate judge initially recommended that plaintiff's claims against these officers be dismissed because they are not proper parties to this action. Indeed, it is well established that the fictitious party practice is unavailable under the Federal Rules of Civil Procedure. There is no provision in the federal statutes or the Federal Rules of Civil Procedure for the use of fictitious parties. *See Weeks v. Benton*, 649 F. Supp. 1297 (S.D. Ala. 1986). It is plaintiff's responsibility to ascertain the name of each defendant that he intends to name in this action. Since his has not otherwise correctly named these defendants, they are not properly before

the court and plaintiff's arguments regarding the merits of his claims against these individuals are of no consequence. *See New v. Sports and Recreation, Inc.*, 114 F.3d 1092, 1094 n.1 (11th Cir. 1997).

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and the objections filed by plaintiff, the Court is of the opinion that the magistrate judge's report is due to be and is hereby ADOPTED and the magistrate judge's recommendation is ACCEPTED. The Court finds that defendants' motion for summary judgment is due to be GRANTED IN PART and DENIED IN PART as follows:

1. The Court EXPRESSLY FINDS that there are no genuine issues of material fact with regard to plaintiff's claim that defendants' actions violated any constitutional right in their official capacities. Therefore, defendants' motion for summary judgment is due to be GRANTED to the extent they are sued in their official capacities, and all claims against all defendants in their official capacities are due to be DISMISSED WITH PREJUDICE.

2. The Court EXPRESSLY FINDS that plaintiff's claims against defendants for injunctive relief are due to be DENIED as MOOT.

3. The Court EXPRESSLY FINDS that plaintiff's claims against John Doe correctional officers are due to be DISMISSED.

4. The Court EXPRESSLY FINDS that there are no genuine issues of material fact with regard to plaintiff's Eighth Amendment failure to protect claims against defendant Price. Therefore, defendants' motion for summary judgment is due to be and the same is hereby GRANTED and plaintiff's claims against defendant Price in her individual capacity are DISMISSED WITH PREJUDICE.

5. The Court EXPRESSLY FINDS that there are genuine issues of material fact with

regard to plaintiff's claim that defendant Austin's actions, in his individual capacity, violated plaintiff's Eighth Amendment right to be free from excessive force and his First Amendment right to be free from retaliation for exercising his right to free speech.  As such, defendants' motion for summary judgment is due to be DENIED.

An appropriate order will be entered.

**DONE**, this the 27th day of September, 2006.

_Sharon Lovelace Blackburn_
SHARON LOVELACE BLACKBURN
UNITED STATES DISTRICT JUDGE