# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | |
|---|---|
| STEVE ALLEN, ) | |
| ) | |
|    Plaintiff, ) | |
| ) | |
| vs. ) | CASE NO. CV 04-B-0119-W |
| ) | |
| CORRECTIONAL OFFICER GARY ) | |
| AUSTIN, ) | |
| ) | |
|    Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

This presently closed case is pending before the court on defendant's Motion to Enforce Settlement Agreement, (doc. 63),[1] and on plaintiff Steve Allen's ("Allen") counsel's Motion to Withdraw, (doc. 64). For the reasons set forth below, defendant's Motion to Enforce Settlement Agreement, (doc. 63), is **DENIED**; plaintiff's counsel's Motion to Withdraw, (doc. 64), is **GRANTED**.

According to defendant's motion, on August 29, 2007, Allen's counsel notified the defendants that Allen had authorized them to settle the case for $15,000 and a transfer to Limestone Correctional Facility. (Doc. 63 at ¶ 1; 63-2.) At the parties' pretrial conference on September 6, 2007, the defendant accepted this settlement offer in the presence of the court. (Doc. 63 at ¶ 2.) As a result, the following day, the court ordered the action dismissed without prejudice to the right of any party to reopen the case within sixty days, upon good

---

[1] Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record.

cause shown, or to submit a stipulated form of final judgment. (Doc. 64.) Although Allen has apparently never signed the settlement agreement and tax ID form, the two signed forms required for the defendants to pay Allen directly, (doc. 63 at ¶ 4–5), neither party filed a motion to reopen the case within sixty days of the court's September 7, 2007, dismissal order, and neither party has ever submitted a stipulated form of final judgment. According to the defendant, Allen has already been transferred to Limestone Correctional Facility pursuant to the pending settlement agreement. (*Id.* at ¶ 3.)

The court dismissed this matter on September 7, 2007, after counsel advised the court that the matter had been settled. (Doc. 62.) The matter was dismissed without prejudice, and the court retained jurisdiction for sixty days to allow the parties to reopen the case or to submit a stipulated form of final judgment. (*Id.*) The parties did not seek to make their obligations to comply with the terms of their Settlement Agreement a part of the court's Dismissal Order.

**Defendant's Motion to Enforce Settlement Agreement**

"A party to a settlement agreement may seek to enforce the agreement's terms when the other party reneges. If, at the time of the claimed breach, the court case already has been dismissed, the aggrieved party may bring an ***independent*** action for breach of contract." *Malave v. Carney Hosp.*, 170 F.3d 217, 220 (1st Cir. 1999)(citing *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 381-82(1994))(emphasis added); *see also Kingvision Pay-Per-View Corp. v. Mardi Gras, Inc.*, 185 F. Supp. 2d 1340, 1342 ((M.D. Ga. 2002)(distinguishing a

motion to enforce settlement and a motion to reopen a closed case; noting that "an action to enforce a settlement agreement is merely a claim for breach of contract," and "'not just a continuation or renewal of the dismissed suit.'" (quoting *Kokkonen*, 511 U.S. at 378)).

The court finds that it lacks jurisdiction to rule on defendant's Motion to Enforce Settlement Agreement based on the clear language of the *Kokkonen* opinion. Justice Scalia, writing for a unanimous Court, held:

> Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction.
>
> The dismissal in this case issued pursuant to Federal Rule of Civil Procedure 41(a)(1)(ii), which provides for dismissal "by filing a stipulation of dismissal signed by all parties who have appeared in the action," and causes that dismissal to be with prejudice if (as here) the stipulation so specifies. ***Neither the Rule nor any provision of law provides for jurisdiction of the court over disputes arising out of an agreement that produces the stipulation***. It must be emphasized that what respondent seeks in this case is ***enforcement of the settlement agreement***, and ***not merely reopening of the dismissed suit*** by reason of breach of the agreement that was the basis for dismissal. Some Courts of Appeals have held that the latter can be obtained under Federal Rule of Civil Procedure 60(b)(6). ***Enforcement of the settlement agreement, however, whether through award of damages or decree of specific performance, is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction***.
>
> Respondent relies upon the doctrine of ancillary jurisdiction, which recognizes federal courts' jurisdiction over some matters (otherwise beyond their competence) that are incidental to other matters properly before them.
>
> . . .

3

It is to the holdings of our cases, rather than their dicta, that we must attend, and we find none of them that has, for purposes of asserting otherwise nonexistent federal jurisdiction, relied upon a relationship so tenuous as the breach of an agreement that produced the dismissal of an earlier federal suit. Generally speaking, we have asserted ancillary jurisdiction (in the very broad sense in which that term is sometimes used) for two separate, though sometimes related, purposes:  (1) to permit disposition by a single court of claims that are, in varying respects and degrees, factually interdependent, and (2) to enable a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees.

Neither of these heads supports the present assertion of jurisdiction. As to the first, the facts underlying respondent's dismissed claim for breach of agency agreement and those underlying its claim for breach of settlement agreement have nothing to do with each other; it would neither be necessary nor even particularly efficient that they be adjudicated together. ***No case of ours asserts, nor do we think the concept of limited federal jurisdiction permits us to assert, ancillary jurisdiction over any agreement that has as part of its consideration the dismissal of a case before a federal court***.

But it is the second head of ancillary jurisdiction, relating to the court's power to protect its proceedings and vindicate its authority, that both courts in the present case appear to have relied upon, judging from their references to "inherent power". We think, however, that the power asked for here is quite remote from what courts require in order to perform their functions. We have recognized inherent authority to appoint counsel to investigate and prosecute violation of a court's order. But the only order here was that the suit be dismissed, a disposition that is in no way flouted or imperiled by the alleged breach of the settlement agreement. ***The situation would be quite different if the parties' obligation to comply with the terms of the settlement agreement had been made part of the order of dismissal--either by separate provision (such as a provision "retaining jurisdiction" over the settlement agreement) or by incorporating the terms of the settlement agreement in the order. In that event, a breach of the agreement would be a violation of the order, and ancillary jurisdiction to enforce the agreement would therefore exist.*** That, however, was not the case here. ***The judge's mere awareness and approval of the terms of the settlement agreement do not suffice to make them part of his order.***

>The short of the matter is this: The suit involves a claim for breach of a contract, part of the consideration for which was dismissal of an earlier federal suit. ***No federal statute makes that connection (if it constitutionally could) the basis for federal-court jurisdiction over the contract dispute***. The facts to be determined with regard to such alleged breaches of contract are quite separate from the facts to be determined in the principal suit, and automatic jurisdiction over such contracts is in no way essential to the conduct of federal-court business. ***If the parties wish to provide for the court's enforcement of a dismissal-producing settlement agreement, they can seek to do so***. When the dismissal is pursuant to Federal Rule of Civil Procedure 41(a)(2), which specifies that the action "shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper," the parties' compliance with the terms of the settlement contract (or the court's "retention of jurisdiction" over the settlement contract) may, in the court's discretion, be one of the terms set forth in the order. Even when, as occurred here, the dismissal is pursuant to Rule 41(a)(1)(ii) (which does not by its terms empower a district court to attach conditions to the parties' stipulation of dismissal) we think the court is authorized to embody the settlement contract in its dismissal order or, what has the same effect, retain jurisdiction over the settlement contract) if the parties agree. ***Absent such action, however, enforcement of the settlement agreement is for state courts, unless there is some independent basis for federal jurisdiction***.

*Id*. at 377-82 (emphasis added).

Thus, pursuant to *Kokkonen*, a district court does not retain jurisdiction to enforce a settlement agreement unless it explicitly makes the "parties' obligation to comply with the terms of the settlement agreement . . . part of the order of dismissal – either by separate provision . . . or by incorporating the terms of the settlement agreement in the order." *Kokkonen*, 511 U.S. at 381. In such a case, "a breach of the agreement would be a violation of the order, and ancillary jurisdiction to enforce the agreement would therefore exist." *Id*. The *Kokkonen* Court held that a district court does not retain jurisdiction to enforce a

5

settlement agreement based on "[t]he judge's mere awareness and approval of the terms of the settlement agreement." *Id.*; *see In re Phar-Mor, Inc. Securities Litigation*, 172 F.3d 270, 274 (3d Cir. 1999)("The phrase 'pursuant to the terms of the Settlement' fails to incorporate the terms of the Settlement Agreement into the order because [a] dismissal order's mere reference to the fact of settlement does not incorporate the settlement agreement in the dismissal order.'" (quoting *Miener v. Missouri Dep't of Mental Health*, 62 F.3d 1126, 1128 (8th Cir. 1995); citing *Scelsa v. City Univ. of New York*, 76 F.3d 37, 41 (2d Cir. 1996); *Hagestad v. Tragesser*, 49 F.3d 1430, 1432-33 (9th Cir. 1995); *Lucille v. City of Chicago*, 31 F.3d 546, 548-49 (7th Cir. 1994))); *see also Hospitality House, Inc. v. Gilbert*, 298 F.3d 424, 433-34 (5th Cir. 2002).

Based on the foregoing, defendant's Motion to Enforcement Settlement Agreement, (doc. 63), is due to be denied. While the court is denying the motion based on lack of jurisdiction, the court is satisfied, based on representations from counsel, that the parties entered into a binding agreement to settle this matter.

**Motion to Withdraw**

Plaintiff's counsel have moved to withdraw from further participation in this case. Counsel noted in the motion that "pursuant to the plaintiff's authority, . . . counsel communicated to counsel for the defendant an offer to settle this matter for $15,000.00 along with the plaintiff's transfer to Limestone Correctional Facility in Madison County, Alabama, which was closer to the plaintiff's family." (Doc. 64, ¶ 3.)

Plaintiff's counsel have represented the plaintiff pro bono during this litigation. On March 11, 2009, during the hearing on the pending Motions, the court inquired whether plaintiff's counsel would be willing to waive their claim for expenses. They agreed to do so. Therefore, the case having been settled for $15,000, plaintiff's counsel's Motion to Withdraw is due to be granted.

**CONCLUSION**

Because plaintiff is now proceeding pro se, he is **DIRECTED** to contact defendant's counsel directly to effectuate the final disposition of his case. As noted in Defendant's Motion to Enforce Settlement, the $15,000 settlement cannot be disbursed to plaintiff until plaintiff executes a signed settlement agreement along with his signed tax ID number form.

The Clerk is **DIRECTED** to send a copy of this Memorandum Opinion and Order to all counsel of record and to the plaintiff at the following address:

   Steve Allen
   Limestone Correctional Facility
   AIS # 225676
   28779 Nick Davis Road
   Harvest, AL 35749

   **DONE**, this 16th day of March, 2009.

*Sharon Lovelace Blackburn*
SHARON LOVELACE BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE